In the United States District Court
Northern District of Texas
Amarillo Division

| | | |
|---|---|---|
| Vu Le and Julie Thi Le, Individually, and Thuy Van Le, Individually and as Representatives of the Estate of Camha Thi Vu, Deceased | § § § § § | |
| Vs. | § § | Action No. _____ |
| Tyson Foods, Inc. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Vu Le and Julie Thi Le, Individually, and Thuy Van Le, Individually and as Representatives of the Estate of Camha Thi Vu, Deceased, Plaintiffs, set forth their Complaint for damages against Tyson Foods, Inc., Defendant, and for cause of action would show as follows:

**1. Parties**

1.1   Plaintiff, Thuy Van Le, is a resident and citizen of the State of Texas.

1.2   Plaintiff, Vu Le, is a resident and citizen of the State of Texas.

1.3   Julie Thi Le, is a resident and citizen of the State of Texas.

1.4   Defendant, Tyson Foods, Inc., ("Tyson") is a company doing business in the State of Texas and may be served by process by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136. Citation is requested herein. Tyson is a company incorporated under the laws of Delaware with a principal place of business in Arkansas.

**2.   Jurisdiction and Venue**

2.1   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. The Plaintiffs and Defendant are citizens of different states and Plaintiffs seek damages in an amount that exceeds the

sum or value of $75,000 exclusive of interest and costs.

2.2 Personal jurisdiction and venue are proper because the cause of action accrued and the negligent acts occurred within the Northern District of Texas, specifically within its Amarillo Division. Furthermore, Tyson has a significant presence within the Northern District of Texas as it has facilities located in the area.

2.3 Plaintiffs are entitled to bring a wrongful death action pursuant to Tex. Civ. Prac. & Rem. § 71.004.  The family members' relationships to the decedent are as follows:

| | |
|---|---|
| Thuy Van Le | Husband of Camha Thi Vu |
| Vu Le | Child of Camha Thi Vu |
| Julie Thi Le | Child of Camha Thi Vu |

2.4 Additionally, a survival action is brought herein by Thuy Van Le, in his capacity as Representative of the Estate of Camha Thi Vu, Deceased.

**3.    Background**

3.1 Ms. Vu worked as a meat cutter at the Tyson meatpacking plant located at 5000 FM 1912, Amarillo, Texas 79108.  The city of Amarillo issued a stay-at-home order effective April 1, 2020.[1] Similarly, Governor Abbott issued a stay-at-home order which took effect on April 2, 2020.[2] After working long hours at Tyson, Ms. Vu fell ill and was rushed to the hospital after she started having difficulty breathing.  Ms. Vu was admitted on or about April 28, 2020 with COVID-19 symptoms, which later proved to be fatal.  Ms. Vu died on May 11, 2020.

3.2 This illness occurred during the COVID-19 pandemic. COVID-19 infected

---

[1] Amarillo Globe News, https://www.amarillo.com/news/20200330/city-of-amarillo-issues-stay-at-home-order (last visited May 21, 2020).
[2] Texas Tribute, https://www.texastribune.org/2020/03/31/greg-abbott-texas-executive-order-closures/ (last visited May 21, 2020).

numerous workers at the Tyson Beef Plant in Amarillo, where Ms. Vu worked. Ms. Vu was required to continue to work during the coronavirus pandemic. Ms. Vu was not provided appropriate personal protective equipment ("PPE") to protect her from coronavirus.

3.3   Plaintiffs would show that nothing that Camha Thi Vu did or failed to do on the occasion in question caused or contributed to cause the occurrence. To the contrary, the injuries and death of Ms. Vu were proximately caused by the negligence, both of commission and omission, of Tyson. Tyson's negligence caused Ms. Vu to contract COVID-19 and die.

3.4   Upon information and belief, at least 4,500 Tyson employees have contracted COVID-19, and at least 18 have died.[3] A grossly disproportionate number of Tyson employees have contracted COVID-19, and have died, when compared to the population as a whole. Tyson does not provide workers compensation insurance to its employees, nor does it provide them with any sick paid leave. Rather, Tyson institutes a rigged "injury settlement" program under which the deck is stacked against its employees. The thousands of Tyson employees who have been injured on the job over the years know this rigged program as "WISP," which stands for "Workplace Injury Settlement Program."

3.5   Tyson was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of the injuries and death of Ms. Vu. Tyson's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Tyson and its callous disregard for the safety of individuals such as Ms. Camha Thi Vu. Plaintiffs therefore ask for punitive and exemplary damages in addition to actual damages.

---

[3] Business Insider, https://www.businessinsider.com/tyson-4500-covid-19-cases-as-meat-industry-blames-workers-2020-5 (last visited May 14, 2020).

3.6     Plaintiff, Thuy Van Le has also suffered pecuniary loss from the death of his wife, Camha Thi Vu. Decedent provided her husband with care, attention, and counsel. In all reasonable probability, decedent would have continued to provide for her husband until death. Thuy Van Le seeks to recover a sum of money that would fairly and reasonably compensate him for the termination of the husband-wife relationship, including the loss of the love, companionship and society that he would have received from his wife had she lived. Plaintiff, Thuy Van Le also seeks compensation for the mental anguish, emotional pain, torment and suffering that he has suffered, and in reasonable probability will continue to suffer in connection with the wrongful death of Camha Thi Vu.

3.7     Vu Le and Julie Thi Le have suffered pecuniary loss from the death of their mother, including losses of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would, in reasonable probability, have received from their mother during her lifetime had he lived. They have suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. They have suffered mental anguish, grief, and sorrow as a result of the death of their mother, and are likely to continue to suffer for a long time in the future.

3.8     Additionally, a survival action is brought herein by Thuy Van Le, in his capacity as Representative of the Estate of Camha Thi Vu, Deceased, including claims for medical bills and pain and suffering.

3.9     Thuy Van Le, Vu Le and Julie Thi Le were present when Ms. Vu suffered from COVID-19 symptoms and death and they were in shock as a result of direct emotional impact from perceiving the death of Ms. Vu as it happened. Accordingly, Plaintiffs are entitled to recover

mental-anguish damages as a bystander to the death of Ms. Camha Thi Vu.

3.10    Tyson was not a subscriber to a policy of workers compensation insurance, and thus Plaintiff brings this suit for damages under the provisions of Section 406.033 of the Texas Labor Code for personal injuries while in the course and scope of her employment with Defendant.

3.11    Tyson, as a non-subscriber under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, has lost its common law defenses of:

a.   contributory negligence of Plaintiff;

b.   that the death was caused by the negligence of a fellow employee; and/or

c.   that the Plaintiff assumed the risk of the illness incident to her employment.

3.12    Furthermore, Tyson was the owner of the premises where the incident occurred or otherwise was in control of the premises located at 5000 FM 1912.  Ms. Vu was its invitee at the time the illness occurred. The plaintiff went on defendant's premises for the mutual benefit of herself and the defendant, upon the invitation of employment at the premises in question.

**4.    Employer Negligence**

4.1    On the occasion in question, Tyson owed Ms. Vu a duty of care commensurate with its relationship to her as her employer. As her employer, Tyson owed Ms. Vu a duty to use ordinary care in providing a safe workplace, hiring competent co-employees, providing needed safety equipment or assistance, warning Ms. Vu of the hazards of her employment, and providing training and supervision.

4.2    Ms. Vu died as a proximate result of of Tyson's negligence and gross negligence because Tyson and/or its employees negligently:

a. failed to provide a safe workplace;

    b. failed to protect employees against coronavirus;

    c. failed to hire competent co-employees;

    d. failed to supervise its employees;

    e. failed to properly train employees on safety protocols; and

    f. failed to properly supervise employees on a regular basis and under pandemic conditions.

  4.3  Tyson's breach of its duty to use ordinary care constituted negligence and was a proximate cause of Ms. Vu's injuries and death.

  **5.**  **Premises Liability**

  5.1  Additionally, as the premises owner, Tyson owed Ms. Vu (its invitee) the duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning.

  5.2  Tyson's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Tyson to Ms. Vu.

  5.3  Tyson knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees because Tyson knew of the rampant spread of COVID-19 throughout its facility.

  5.4  Tyson failed to exercise ordinary care to reduce or eliminate this risk by exposing employees to coronavirus and failing to maintain its premises in a reasonably safe condition, by failing to institute proper safety precaution to protect employees from the spread of COVID-19.

  5.5  Each of these acts and omissions, whether taken singularly or in any combination,

was a proximate cause of the occurrence described above and of the plaintiff's injuries and damages described below.

### 6. Punitive/Exemplary Damages

6.1     Ms. Vu adopts and incorporates by reference the preceding Paragraphs 1 through 5.5 as if fully stated within this section.

6.2     Tyson was grossly negligent, as that term is understood under Texas law, and such conduct was a proximate cause of Ms. Vu's injuries and death. Tyson's grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Tyson and its callous disregard for the safety of individuals such as Ms. Vu, and to deter Tyosn's ongoing actions as well as other companies from engaging in similar conduct.

6.3     Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

### 7. Pre- and Post-Judgment Interest

7.1     Plaintiffs would additionally show that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

### 8. Jury Demand

8.1     Plaintiffs hereby request a trial by jury.

### 9. Conclusion and Prayer

9.1     Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have: (1) judgment against Defendants, for actual, compensatory and exemplary

damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

Respectfully submitted,

**VB Attorneys**

*/s/ Vuk S. Vujasinovic*
**Vuk S. Vujasinovic**
SBN:  00794800
Vuk@vbattorneys.com
**Job Tennant**
SBN:   24106501
Job@vbattorneys.com
6363 Woodway, Suite 400
Houston, Texas 77056
713.224.7800
713.224.7801 Fax
Admin E-copy to Liza@vbattorneys.com
***Attorneys for Plaintiffs, Vu Le and Julie Thi Le, Individually, and Thuy Van Le, Individually and as Rep. of the Estate of Camha Thi Vu, Deceased,***